No. 679 December 28, 2023 717

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY MICHAEL REED,
*Defendant-Appellant.*

Lane County Circuit Court
21CN02325; A176499

Kamala H. Shugar, Judge.

Submitted February 27, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals a judgment holding him in contempt of court, ORS 33.015, for violating a restraining order issued under the Family Abuse Protection Act (FAPA), ORS 107.718. In a single assignment of error, he challenges the trial court's finding that he had the requisite mental state for contempt—that is, that he acted "willfully," in "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments." ORS 33.015(2)(b). He argues that, in assessing his mental state, the court applied an incorrect legal standard that disregarded his argument regarding good faith and improperly required him to have verified that the restraining order had been dismissed. Reviewing for legal error, we conclude that the trial court applied the correct legal standard and therefore did not err in finding defendant in contempt on that basis. Accordingly, we affirm the judgment.

We review for legal error a challenge to a trial court's application of a substantive legal standard. *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016). In assessing the court's application of the law to conclude that defendant was in contempt, we consider the "material facts in the light most favorable to the state, consistently with the trial court's *** findings." *State v. Nicholson*, 282 Or App 51, 52, 383 P3d 977 (2016). "[U]nless the evidence in a case is such that the trial court as finder of fact could decide a particular factual question in only one way," we are bound by the court's factual findings that are supported by evidence in the record, including a finding that a party's evidence is not "sufficiently persuasive." *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003). With those standards in mind, we provide the facts that explain our ruling.

The restraining order at issue was granted in response to a FAPA petition by S, who had been in an intimate relationship with defendant and who alleged that he had physically injured her on several occasions.[1] The order prohibited defendant from contacting or attempting to

---

[1] The FAPA provides that "intentionally, knowingly or recklessly causing bodily injury" to a "family or household member[]" constitutes abuse. ORS 107.705(1)(a). S's FAPA petition described four incidents of abuse.

contact S, including by phone or text message. About four months after its entry, S reported to police that defendant had violated the order by, among other things, having physical contact with her and by sending her text messages.

The state charged defendant by information with contempt of court, ORS 33.015(2)(b), alleging that defendant "willfully" violated the restraining order by contacting S by text message. Defendant requested a contested hearing on the matter.

At the hearing, S and the patrol officer who responded to her report, Officer Schafer, testified for the state, and the state introduced copies of S's FAPA petition, the restraining order, proof of service to defendant, and photographs of defendant's text messages to S. S testified that defendant contacted her by text message after being served with the restraining order. According to S, she "let him believe" that she had "dropped" the restraining order because she had "dropped" a prior FAPA restraining order against him. She further testified that, about a month after issuance of the order in this case and three months before the alleged violation, she met with him when he was being released from jail for the related criminal charges and told him that she had "dropped" the order. Schafer testified that, upon receiving S's report of the violation, he confirmed that the restraining order was still in effect when defendant sent the messages to S. Defendant introduced evidence that S had dismissed the prior restraining order; he did not object to the evidence that the order at issue was valid at the time of his conduct, that he had received notice of that order, or that he had texted S after the order had been issued.

In support of its argument that defendant "willfully" violated the restraining order, the state explained that except for S's statements, there was "no testimony regarding [defendant]'s *** foundational understanding" that the order had been dismissed. Defendant maintained that he did not "willfully" disobey the order and that the state introduced no evidence that he believed the order was still in place. He relied on *Nicholson* to argue that he acted under a good-faith belief that the order had been dismissed, based on S's request for dismissal of the prior FAPA order

and on her statement to him that she had also "dropped" the order at issue. *See* 282 Or App at 62 ("A defendant who acts based on a good faith belief that a judicial order has been dismissed cannot be deemed to have acted" willfully.).

In finding defendant in contempt, the court distinguished defendant's case from *Nicholson* and found that the restraining order, of which defendant had notice, had not been dismissed until after the conduct at issue. Observing that defendant's text messages to S were "concerning, threatening, [and] hostile," the court stated:

> "And in addition, I don't believe that [defendant] had a good-faith belief that the court order had been dismissed. In fact, he's pretty savvy and aware of this system. He's been around a few times with this same victim filing a protective order, and he knows that you have to confirm that a protective order has been dismissed, as was presented to me in evidence.[2]

> "And I don't find that there's a good-faith belief that the court order ha[d] been dismissed * * *; and therefore, I do find beyond a reasonable doubt that [defendant] willfully violated the * * * restraining order * * *."

On appeal, defendant assigns error to the trial court's contempt finding, arguing that the court applied an incorrect legal standard to assess whether his conduct was "willful." He begins by arguing that the trial court failed to find that he "knew" that the order was still in place for the purpose of meeting that standard. *See Nicholson*, 282 Or App at 62 (requiring a finding that the defendant acted "with knowledge" that such an act or omission was "forbidden conduct"). Particularly, defendant contends that the court's statement—"*he knows that you have to confirm that a protective order has been dismissed*"—"[a]t most," indicated

---

[2] In *Nicholson*, the defendant violated the FAPA restraining order by contacting the protected person, T, who was the defendant's husband. The contact occurred when the defendant decided to go on a weekend trip with T and their child, even though the order was still in effect. *Nicholson*, 282 Or App at 52. About two days earlier, T had "informed [the] defendant that he was 'at the courthouse' * * * and 'in the process of' dismissing the FAPA order." *Id.* On the next day, T "presented [the] defendant with 'a new wedding ring.'" *Id.* The defendant testified that she believed that T had dropped the restraining order and that she "'thought that [they] were going to for sure work things out.'" *Id.* at 52-53. In contrast to the present case, the *Nicholson* court found—and we upheld—that the defendant, "in good faith, believed that the order had been set aside." *Id.* at 56.

that the court found that defendant "should have known" that the order was still in effect and did not satisfy the "willful" standard. In his view, that comment indicated that the court was "requiring [him] to verify the dismissal of the restraining order" and that, in light of his good-faith argument, the court was applying the same standard that we have rejected in *Nicholson* and *State v. Simmons*, 314 Or App 507, 499 P3d 127 (2021). Defendant further claims that, as in those cases, here the court "implicitly [and improperly] ruled that [his] belief that the restraining order was still in effect did not matter because [he] did not verify the truth of [S]'s statement that she had dropped the restraining order." We are not persuaded.

In *Nicholson*, we explained that the court's factual finding that the defendant acted on a good-faith understanding that the protective order had been dismissed was inconsistent with its subsequent finding that her failure to verify whether the order had been dismissed indicated that she acted willfully. *Nicholson*, 282 Or App at 54-62. We concluded that "[a] defendant who acts based on a good faith belief that a judicial order has been dismissed cannot be deemed to have acted 'with knowledge that it was forbidden conduct'" and cannot be deemed to have acted "willfully" for purposes of ORS 33.015(2)(b). *Id*. at 62. In *Simmons*, we concluded that the court's silence about the credibility of the defendant's "professed belief" that the restraining order had been dismissed made it impossible to determine whether the evidence was sufficient to support the state's theory that the defendant acted "willfully." *Simmons*, 314 Or App at 514-16 (the trial court's failure to make an express credibility finding regarding the defendant's good faith belief "left the potential that the court did not reach the factual issue, assuming it to be unnecessary; believed defendant had a good faith belief that the no-contact provision had been dropped, but determined that that was not a defense; or made an implicit finding that defendant's account was not credible").

In contrast to *Nicholson*'s finding crediting the defendant's good-faith argument and *Simmons*'s silence about that matter, the court in this case expressly found

that defendant did not act with a good-faith belief that the restraining order had been dismissed. And, contrary to defendant's argument, the court's statement that he "kn[ew]" that he "ha[d] to confirm" the dismissal of the protective order was in the context of explaining why the court did not believe that defendant had a good-faith belief given his prior experience with the FAPA restraining order process, rather than the imposition of an additional requirement inconsistent with defendant's professed good faith, as in *Nicholson*.

The court, therefore, did not err in determining that defendant "willfully" violated the restraining order at issue, and it consequently did not err in finding defendant guilty of contempt on that basis.

Affirmed.